COOLEY GODWARD LLP
THOMAS J. FRIEL, JR. (80065)
Email: tfriel@cooley.com
WAYNE O. STACY (*pro hac vice*)
Email: wstacy@cooley.com
EDWARD VAN GIESON (192456)
Email: evangieson@cooley.com
SARAH J. GUSKE (232467)
Email: sguske@cooley.com

Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Defendants
HYPERROLL, INC.
HYPERROLL ISRAEL LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HYPERION SOLUTIONS CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYPERROLL, INC., a Delaware corporation, & HYPERROLL ISRAEL LTD., a foreign corporation,<br><br>Defendant. | Case No. C 04-05054 VRW<br><br>**DEFENDANT HYPERROLL, INC.'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 13, 2005<br>Time: 2:00 p.m.<br>Courtroom: 6, 17th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on October 13, 2005 at 2:00 p.m. in Courtroom 6, 17th floor of the above entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant HyperRoll, Inc. ("HyperRoll USA") will and hereby does move for entry of a protective order governing discovery in this case pursuant to Fed. R. Civ. P. 26(c).

HyperRoll USA and Hyperion disagree over the scope of the prosecution bar that should be included in the protective order in this case. By this motion, HyperRoll USA seeks an order

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

1.

**CASE NO. C04-05054-VRW
DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER**

from the Court entering a protective order that includes the reasonable and appropriately tailored prosecution bar proposed by HyperRoll USA.

This motion is based on the instant Notice of Motion, Motion, Memorandum in Support thereof, all records and papers on file in this action, and any evidence or oral argument offered at any hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HYPERROLL USA'S MOTION FOR PROTECTIVE ORDER**

**I.    INTRODUCTION/OVERVIEW**

Defendant HyperRoll, Inc. ("HyperRoll USA") and plaintiff Hyperion Solutions Corp. ("Hyperion") have reached an impasse with respect to two competing protective orders. The impasse centers on a single issue—the scope of the patent prosecution bar that should apply to outside attorneys who view highly confidential technical information in this litigation.

HyperRoll USA and Hyperion agree that a patent prosecution bar should be included in the stipulated protective order that governs discovery in this action. Similarly, the parties agree that employees of either party, including in-house counsel, should not gain access to the other party's highly confidential technical information. Finally, both parties agree that the prosecution bar should endure for the life of the litigation plus one year.

The parties' disagreement focuses on the proper scope of the patent prosecution bar. HyperRoll USA proposes a bar that restricts patent prosecution concerning the specific technology at issue in this case and prosecution of patents for the parties to this action. Hyperion proposes a much broader prosecution bar that would prevent outside litigation counsel from prosecuting patents for *any* client that uses "multidimensional database technology" in any way—even if that client does not compete with Hyperion.

Hyperion has offered no justification for the overreaching limitation it proposes. Nor has it identified any facts that suggest that there is a substantial risk that outside counsel for HyperRoll USA might misuse Hyperion's confidential information. The protective order that Hyperion seeks will cause HyperRoll USA to suffer undue prejudice by hampering its ability to pursue this suit with counsel of its choosing. It would also interfere with the ability of outside

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

2.

CASE NO. C 04-05054 VRW
DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER

counsel for both parties to practice law, thereby potentially violating California Rule of Professional Conduct 1-500, which prohibits agreements restricting the right of a bar member to practice law.

The case law is settled on this issue. The Courts cannot presume that outside counsel will intentionally or inadvertently misuse confidential information disclosed in discovery. To find otherwise would effectively limit outside counsel to representation of a single client in each field or industry. Instead, unless the party seeking the protective order can articulate specific facts to overcome the general rule, no bar should be imposed, or, the bar should be narrowly limited. Therefore, for the reasons detailed herein, the Court should reject Hyperion's requested prosecution bar and instead impose the more reasonable bar proposed by HyperRoll USA.

## II. ISSUE TO BE DECIDED

1) The scope of the prosecution bar in the protective order governing this action.

## III. STATEMENT OF FACTS

HyperRoll USA and Hyperion agree that it is appropriate to include a prosecution bar in the protective order that governs discovery in this case. *See* Ex. A, Decl. of Jennifer L. Inghram, at ¶ 3, Ex. No. 2. Inclusion of a prosecution bar in the protective order is largely a matter of zealous advocacy. Neither HyperRoll USA nor its wholly-owned subsidiary, HyperRoll Israel, use Cooley for patent prosecution work other than the reexamination of HyperRoll Israel's '604 patent, and on information and belief, Thelen Reid & Priest LLP's attorneys do not currently perform any patent prosecution work for Hyperion. Thus, the parties seek to include a prosecution bar to forestall future inadvertent disclosures of confidential information, which might occur if outside counsel were involved in prosecuting patents dealing with the specific subject matter of this dispute.

Despite good faith negotiations between counsel, the parties have been unable to agree on the scope of the prosecution bar in the protective order. *Id*. The disputed prosecution bar clause is set forth in Paragraph 9 of the protective order. A copy of the entire draft protective order is attached hereto. *See* Ex. A at ¶ 4, Ex. No. 3. Agreement exists on all other provisions in the protective order.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

3.

CASE NO. C 04-05054 VRW
DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER

HyperRoll USA proposes the following language for Paragraph No. 9. Language in dispute is presented in boldface type:

> 9. Information, documents, and things identified as Highly Confidential by a Producing Party shall not be disclosed, given, shown, made available, or communicated in any way, directly or indirectly, to anyone other than as provided in paragraph 7, with the further limitation that an individual member of Outside Counsel [may] review[] documents or information designated as Highly Confidential which is within categories (vi), (vii), (viii) or (ix) by a Producing Party by which Outside Counsel is not employed only if the individual member does not after receiving Highly Confidential information thereafter participate (**1**) **in prosecuting pending or future patent applications relating to On-Line Analytical Processing (OLAP) database technology for aggregating relational data in a database or (2) in prosecuting pending or future patent applications for HyperRoll Israel, HyperRoll, Inc., or Hyperion Solutions Corporation relating to aggregation, view selection, calculation and optimization algorithms for multi-dimensional databases (including but not limited to OLAP, ROLAP, and MOLAP databases**). These prosecution restrictions apply for one year after termination of this action by dismissal or final judgment. Nothing in this section shall limit individual members of Outside Counsel whom have not reviewed documents or information designated as Highly Confidential by a Producing Party by which Outside Counsel is not employed from participating in the prosecution of pending or future patent applications relating to OLAP database technology for aggregating relational data. Nothing in this paragraph shall limit Outside Counsel from participating in the prosecution of a reexamination of an issued patent. Highly Confidential information disclosed shall be used only for the purpose of litigating this action and shall not be used by the Receiving Party for any business, financial, or other purpose whatsoever. Nothing in this Stipulated Protective Order shall prohibit or restrict a Producing Party from disclosing or using in any way its own Highly Confidential information. The designation of any document as Highly Confidential shall not preclude any party to this action from showing the document to any person who (a) appears as the author or as an addressee on the face of the document or (b) is identified in the document or in other documents of the Producing Party or in deposition testimony of an employee of the Producing Party as someone who already has knowledge of the information contained in the document.

Ex. A, ¶ 4, Ex. No. 3. Notably, HyperRoll USA's proposed language creates two safeguards. First, outside counsel who review highly confidential technical information may not prosecute new or pending patents dealing with the specific technology at issue in this suit—namely, aggregation, view selection, calculation and optimization algorithms for multi-dimensional databases. Second, outside counsel who review highly confidential technical information may

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

4.

CASE NO. C 04-05054 VRW
DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER

1  not prosecute any new or pending patent applications (other than the reexamination currently

2  underway) concerning *any* subject matter for a party to the lawsuit while the lawsuit is pending

3  and for a year afterwards.  Both of these safeguards provide appropriate protection for the rights

4  and interests of the parties to this lawsuit.

5        Hyperion proposes different language for Paragraph No. 9.  As before, language in dispute

6  is presented in boldface type for the Court's convenience:

> 9. Information, documents, and things identified as Highly Confidential by a Producing Party shall not be disclosed, given, shown, made available, or communicated in any way, directly or indirectly, to anyone other than as provided in paragraph 7, with the further limitation that an individual member of Outside Counsel [may] review[] documents or information designated as Highly Confidential which is within categories (vi), (vii), (viii) or (ix) by a Producing Party by which Outside Counsel is not employed only if the individual member does not after receiving Highly Confidential information thereafter participate **in prosecuting pending or future patent applications relating to On-Line Analytical Processing (OLAP) database technology, Relational OLAP (ROLAP) database technology, Multidimensional OLAP (MOLAP) database technology, including any type of multi-dimensional database technology.**  These prosecution restrictions apply for one year after termination of this action by dismissal or final judgment.  Nothing in this section shall limit individual members of Outside Counsel whom have not reviewed documents or information designated as Highly Confidential by a Producing Party by which Outside Counsel is not employed from participating in the prosecution of pending or future patent applications relating to OLAP database technology for aggregating relational data.  Nothing in this paragraph shall limit Outside Counsel from participating in the prosecution of a reexamination of an issued patent.  Highly Confidential information disclosed shall be used only for the purpose of litigating this action and shall not be used by the Receiving Party for any business, financial, or other purpose whatsoever.  Nothing in this Stipulated Protective Order shall prohibit or restrict a Producing Party from disclosing or using in any way its own Highly Confidential information.  The designation of any document as Highly Confidential shall not preclude any party to this action from showing the document to any person who (a) appears as the author or as an addressee on the face of the document or (b) is identified in the document or in other documents of the Producing Party or in deposition testimony of an employee of the Producing Party as someone who already has knowledge of the information contained in the document.

26  Ex. A at ¶ 4, Ex. No. 3.  Hyperion's proposed language is far broader than HyperRoll USA's.

27  Importantly, Hyperion seeks to bar outside counsel from prosecuting any patent application that

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

5.

CASE NO. C 04-05054 VRW
DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER

1  concerns *any type of multi-dimensional database technology*.  In short, Hyperion seeks to impose a blanket restriction on outside counsel that prevents them from prosecuting any patent in the entire field of technology related to multi-dimensional databases.  Hyperion's blanket restriction would prevent outside counsel from representing any client that used multi-dimensional technology in any way in its underlying technology—effectively preventing counsel from representing scores of software companies who do not compete with Hyperion or HyperRoll USA.

IV.  **ARGUMENT**

   **A.   There Is No Basis for Imposing the Field Restriction That Hyperion Seeks**

Hyperion's proposed patent prosecution bar would effectively prevent a class of attorneys—outside patent prosecutors with knowledge of database technology—from involvement in this action unless they are willing to forego all other patent activity in that field.  Analysis of Hyperion's proposed restriction must start with the Federal Circuit's decision in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1994), which set the standard for review of protective orders that deny access to confidential information to attorneys in pretrial discovery.[1]  In *U.S. Steel*, the court ruled that access could not be denied to a group of attorneys (in that case in-house counsel) based on general, class-based distinctions.  *U.S. Steel*, 730 F.2d at 1468 ("Denial or grant of access . . . cannot rest on a general assumption that one group of lawyers are more likely inadvertently to breach their duty under a protective order.").  Rather, the reviewing court must determine, based on the specific facts in each case, whether or not access by the specific attorneys involved will create an unreasonable risk that the confidential information will be inadvertently disclosed or misused.  *Id.*

   **1.   The Standard for Imposing a Patent Prosecution Bar Is Whether the Attorney Is Involved in the "Competitive Decisionmaking" of a Party.**

*U.S. Steel* holds that the issue for the Court is whether a particular attorney is involved in

---

[1] *U.S. Steel* is recognized as the leading authority on this issue.  *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); *Matsushita Elec. Indus. Co. v. U.S.,* 929 F.2d 1577, 1578-79 (Fed. Cir. 1991); *Glaxo Inc. v. Genpharm Pham., Inc.*, 796 F. Supp. 872, 874 (E.D.N.C. 1992) (relying on analysis established by *U.S. Steel*.).

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

6.

CASE NO. C 04-05054 VRW
DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER

"competitive decisionmaking" of the party seeking access. *U.S. Steel*, 730 F.2d at 1468. The court went on to explain the meaning of "competitive decisionmaking":

> The phrase would appear serviceable as shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor.

*U.S. Steel*, 730 F.2d at 1468, n.3. To evaluate the risk that a competitive decisionmaker might misuse confidential information produced in discovery, "a court should examine the factual circumstances of any counsel's relationship to the party demanding access." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

### 2. Patent Attorneys Involved In This Litigation Are Not Currently Involved In Competitive Decisionmaking.

Cooley patent attorneys involved in this litigation do not currently participate in HyperRoll USA's "competitive decisionmaking" with regard to HyperRoll USA or HyperRoll Israel patents or product design. And Hyperion has not indicated that patent attorneys at Thelen Reid are currently engaged in Hyperion's "competitive decisionmaking." Thus, the patent prosecution bar that the parties seek to include in the protective order is being included out of an abundance of caution and not because an actual or threatened breach of confidentiality is imminent. In short, both parties believe that there is sufficient likelihood of inadvertent disclosure of highly confidential information to agree that a prosecution bar is necessary. But this hardly justifies the bar that Hyperion seeks to put in place.

Hyperion seems to argue that patent prosecutors generally play a "competitive decisionmaking" role for their clients, and therefore, as a group, outside counsel who are admitted to practice before the PTO must be barred from prosecuting *any* patent for *any* company if the subject matter of the patent is even remotely linked to the subject matter of this lawsuit. This argument presumes that outside attorneys are unable to abide by the terms of the protective order and the Rules of Professional Conduct. Such a presumption stands in opposition to the leading cases in this area which presuppose fidelity to ethical duties. *U.S. Steel*, 730 F.2d 1465, 1468. The need for a prosecution bar only arises when "a counsel's activities, association, and

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

7.

CASE NO. C 04-05054 VRW
DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER

1   relationship with a client" lead to an increased likelihood of inadvertent disclosure. *Id*.

2   Hyperion's argument for a complete "field restriction" violates the two principles of disqualification enunciated above. First, Hyperion's proposal could improperly bar HyperRoll USA's outside attorneys (and its own) from participating in the litigation based solely on their status as patent prosecutors. *See U.S. Steel*, 730 F.2d at 1469 (Noting "the requirement to consider the facts rather than status of counsel.") Second, it fails to examine the "factual circumstances of any counsel's relationship to the party demanding access." *Brown Bag*, F.2d at 1470.

The case law has uniformly rejected Hyperion's suggestion that attorneys who prosecute patent applications are *per se* disqualified from receiving confidential information under a protective order. *See Fluke Corp. v. Fine Instruments Corp.,* 32 U.S.P.Q.2d 1789 (W.D. Wash. 1994) (In-house counsel with technical expertise as patent attorneys not involved in competitive decisionmaking and represents no significant increased risk of inadvertent disclosure); *Glaxo Inc. v. Genpharm Pharmaceuticals,* 796 F. Supp. 872 (E.D.N.C. 1992) (Magistrate's order barring in-house patent attorneys from reviewing confidential documents reversed as error, where counsel had "no involvement in . . . competitive decisions such as pricing, scientific research, sales or marketing"); *In re Certain Magnetic Switches,* 1993 ITC Lexis 143 at *4 (U.S.I.T.C. 1993) ("Mere allegation that [in-house patent prosecution counsel] might violate the protective order does not provide adequate grounds to deny him access to confidential information."). In short, the case law demonstrates that courts must inquire into the particular circumstances of each case and tailor a protective order to those circumstances so that it is neither too narrow nor too broad. Hyperion fails to appreciate the importance of this analysis.

Hyperion's attempt to impose a patent prosecution bar that would prevent outside counsel from working on either party's behalf simply because outside attorneys may prosecute patents for others must be rejected. The more reasonable approach is recognize that given the circumstances of this case, adopting a narrowly-tailored prosecution bar that specifically addresses the technology and parties at issue would more than adequately protect the interests of the parties.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

8.

CASE NO. C 04-05054 VRW
DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER

### 3. HyperRoll USA Will Be Prejudiced if Hyperion's Proposed Patent Prosecution Bar Is Imposed.

The potential for harm here is not merely hypothetical. Cooley's attorneys have been working for HyperRoll USA since the inception of the litigation between the parties. It is possible that some of Cooley's attorneys will be unable to continue their representation of HyperRoll USA if Hyperion's proposed patent prosecution bar is imposed.[2] HyperRoll USA is entitled to counsel of its choice, absent compelling reasons otherwise. *Capacchione v. Charlotte-Mecklenburg Bd. of Educ.,* 9 F. Supp. 2d 572, 579 (W.D.N.C. 1998) ("[A] party's right to have counsel of choice is a fundamental tenet of American jurisprudence, and therefore a court may not lightly deprive a party of its chosen counsel.") Therefore, HyperRoll USA would suffer prejudice if the patent prosecution bar Hyperion seeks is imposed.

### 4. Hyperion's Overbroad Prosecution Bar May Violate California Rule of Professional Conduct 1-500

If Hyperion's prosecution bar is adopted for this case, Cooley attorneys working on this litigation will also be prejudiced. Prejudice will arise when the attorneys are forced to discontinue or reject patent prosecution or counseling matters that concern "any type of multi-dimensional database technology." Other attorneys who see highly technical confidential information could be similarly barred from representing software companies that develop database software, even if those companies do not compete with Hyperion, HyperRoll USA, or HyperRoll Israel. Hyperion's proposed language is so broad and unreasonably burdensome that it may even violate California Rule of Professional Conduct 1-500. This rule states that "[a] member shall not be a party to or participate in offering or making an agreement, whether in connection with the settlement of a lawsuit or otherwise, if the agreement restricts the right of a member to practice law . . . ." Hyperion's proposal would do just that—restrict litigation counsel from taking on representation of clients seeking patent prosecution services dealing with *any*

---

[2] Cooley attorneys Wayne Stacy and Ed Van Gieson both maintain active patent prosecution practices. According to Hyperion, Mr. Stacy and Mr. Van Gieson should abandon a significant number of software clients that do not and will not compete with Hyperion, HyperRoll USA, or HyperRoll Israel, or withdraw from the litigation. *See* Ex. A at ¶ 2, Ex. No. 1.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

9.

CASE NO. C 04-05054 VRW
DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER

multidimensional database technology. In essence, Hyperion is asking litigation counsel to choose between representing HyperRoll USA and representing other present or future clients that develop database software—even if the software they create does not compete with Hyperion's products. Such a restriction is unwarranted given the facts of this case.

### B. HyperRoll USA's Proposed Prosecution Bar Will Adequately Protect Each Party's Interests

The prosecution bar that HyperRoll USA proposes will amply protect the interests of both parties. Especially in a case such as this, where there is no compelling present need for a prosecution bar (because outside counsel are not presently involved in patent prosecution efforts for their clients), there is no reason to unduly burden the parties and their attorneys with onerous rules. Rather, it is appropriate to narrowly tailor a prosecution bar that minimizes the burdens placed on the parties and their attorneys. HyperRoll USA's proposed language achieves this goal by barring patent prosecution for the parties and by preventing outside counsel from prosecuting patents that deal with the specific subject matter of this litigation. Nothing more is required. And, under established law and rules of professional conduct, nothing more is allowed.

## V. CONCLUSION

For the foregoing reasons, HyperRoll USA respectfully requests that the Court should reject the prosecution bar proffered by Hyperion and order entry of the attached protective order with the prosecution bar proposed by HyperRoll USA.

Dated: July 19, 2005

COOLEY GODWARD LLP
THOMAS J. FRIEL, JR. (80065)
WAYNE O. STACY (*pro hac vice*)
EDWARD VAN GIESON (192456)
SARAH J. GUSKE (232467)

/S/
Wayne O. Stacy
Attorneys for Defendants
HYPERROLL, INC.

237087 v3/CO

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

10.

CASE NO. C 04-05054 VRW
DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER