United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**HYPERION SOLUTIONS CORP,**               No   C-04-5054 VRW

      **Plaintiff,**                           **ORDER**

      **v**

**HYPERROLL, INC et al,**

      **Defendants.**
_____/

      Plaintiff Hyperion Solutions Corporation ("Hyperion") seeks a declaratory judgment of non-infringement and invalidity for United States patents nos 6,385,604 and 6,434,544 ("'604 and '544 patents"), which are assigned to defendant HyperRoll Israel Ltd ("HyperRoll Israel"). The other defendant, HyperRoll, Inc ("HyperRoll USA"), is the parent company for HyperRoll Israel. This order addresses a number of discovery disputes between these parties and a motion for "emergency" administrative relief filed by HyperRoll USA.

//
//
//

## I

In a letter filed on August 15, 2005, Hyperion notified the court that it objected to HyperRoll USA's requests for production of documents nos 72 and 73.  Doc #107.  These requests for production seek all documents relating to Hyperion's patents or patent applications "relating to data aggregation technology" or "relating to Essbase," which is a proprietary name for a Hyperion product.  Hyperion objects to these requests as overbroad and as irrelevant to this suit, which does not involve Hyperion's patents.

The court disagrees with Hyperion.  In its second amended complaint, Hyperion asserted that the '604 and '544 patents are invalid and that Hyperion has a defense to infringement under 35 USC § 273.  Doc #50 at 5.  That provision provides in relevant part:

> It shall be a defense to an action for infringement under section 271 of this title with respect to any subject matter that would otherwise infringe one or more claims for a method in the patent being asserted against a person, if such person had, acting in good faith, actually reduced the subject matter to practice at least 1 year before the effective filing date of such patent, and commercially used the subject matter before the effective filing date of such patent.

35 USC § 273(b)(1).  Hence, Hyperion's patent-related activity <u>before</u> the '604 and '544 patents were filed might demonstrate whether these patents are invalid or whether 35 USC § 273 applies.

HyperRoll USA also suggests that Hyperion's patent-related activity <u>after</u> these patents were filed might bear on the issue of non-infringement -- particularly, "when or if Hyperion knew of the patents-in-suit, whether Hyperion characterized or analyzed the patents-in-suit, how Hyperion's products operate * * * and whether Hyperion developed or otherwise uses products and/or

2

processes that infringe the patents-in-suit." Doc #108.  The relevance of post-filing discovery for these purposes seems speculative based on what is now before the court.

Accordingly, the court ORDERS Hyperion to produce non-privileged documents that HyperRoll USA specified in its requests nos 72 and 73 and that were created before August 9, 2000, which was the filing date for the later-filed '604 patent.

## II

On August 25, 2005, Hyperion filed a letter with the court requesting the court order the deposition of Michael Bealmear ("Bealmear"), who is the current chief executive officer of HyperRoll USA.  Doc #112.  Bealmear has submitted three declarations in this case (Doc ##41, 80, 92), but apparently HyperRoll USA still has not produced him for a deposition and has not provided any reason why Bealmear should not be deposed. Hyperion once again requested the court's assistance in this matter in a letter filed on October 20, 2005.  Doc #125.  Accordingly, if Bealmear has not yet appeared for deposition, Hyperion is granted leave to file a motion to compel discovery and for an award of reasonable expenses pursuant to FRCP 37(d) and is granted leave for shortened time to bring the motion at the earliest hearing date convenient to Hyperion's counsel.

## III

On August 30, 2005, HyperRoll USA requested leave to file a motion to compel Hyperion's response to HyperRoll USA's interrogatory no 9.  Doc #113.  The court GRANTS HyperRoll USA's

3

1  request to file a motion to compel and for expenses and sanctions
2  pursuant to FRCP 37(a)(1)(B) and (4) and is granted leave for
3  shortened time to bring the motion on a hearing date convenient to
4  HyperRoll USA's counsel.

IV

On November 10, 2005, HyperRoll USA filed a motion for "emergency" administrative relief regarding mediation. Doc #126. Apparently, the parties have agreed to mediate on December 2, 2005, before former Judge Legge. The only dispute that remains is whether the mediation should be one day or two days. HyperRoll USA wants this court to order that the mediation take place only on December 2, 2005, because a "multi-day mediation is overly burdensome to HyperRoll USA and HyperRoll Israel." Id at 2. Because HyperRoll USA has not demonstrated that it will suffer any prejudice from mediating for an additional day, the court DENIES HyperRoll USA's motion.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge