UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| HYPERION SOLUTIONS CORP., a Delaware Corporation, | Case No.  04-CV-05054-VRW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | Honorable Chief Judge Vaughn R. Walker |
| HYPERROLL, INC., a Delaware Corporation, & HYPERROLL ISRAEL LTD., a foreign corporation, | |
| Defendants. | |
| HYPERROLL ISRAEL LTD. | |
| Plaintiff, | |
| v. | |
| HYPERION SOLUTIONS CORP., a Delaware Corporation, | |
| Defendant. | |
| HYPERION SOLUTIONS, CORP., | |
| Counterclaimant and Counterclaim Defendant, | |
| v. | |
| HYPERROLL, INC., | |
| Counterclaim Defendant and Counterclaimant. | |

The parties by and through their counsel hereby stipulate to and petition the court to enter the following Stipulated Protective Order:

1.     This Stipulated Protective Order shall apply to all initial disclosures and future discovery in the above-identified action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents or things produced whether in the form of originals or copies, information obtained from inspection of premises or things, and answers to requests for admissions.  Further, the

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

1.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

1    protections conferred by this Stipulated Protective Order apply not only to all initial disclosures
2    and discovery in this action, but also to any information copied or extracted therefrom, as well as
3    all copies, excerpts, summaries, compilations, testimony, conversations, or presentations by
4    parties or counsel to or in court or in other settings that might reveal information protected under
5    this Stipulated Protective Order.

6        2.    As used herein, the term "Producing Party" encompasses any party or non-party
7    subject to discovery in this action. As used herein, the term "Receiving Party" encompasses any
8    party or non-party receiving information, documents, or things from a Producing Party.

9        3.    Any Producing Party may in good faith designate as "Confidential" or "Highly
10   Confidential," as those terms are defined in paragraphs 7 and 9, any information in documentary
11   form by marking each relevant page with the legend "Confidential" or "Highly Confidential" at
12   the bottom right corner of each designated page or as near the bottom right corner as practicable.
13   For tangible items, the Producing Party must affix in a prominent place on the exterior of the
14   container or containers in which the item is stored the legend "Confidential" or "Highly
15   Confidential." If only portions of the item warrant protection, the Producing Party, to the extent
16   practicable, shall identify the protected portions, specifying whether they qualify as Confidential
17   or Highly Confidential.

18       Any Producing Party that makes original documents or items available for inspection need
19   not designate them for protection until after the Receiving Party has indicated which material it
20   would like produced. During the inspection and before the designation, all of the material made
21   available for inspection shall be deemed Highly Confidential. After the Receiving Party has
22   identified the documents or items it wants produced, the Producing Party must determine which
23   documents, items, or portions thereof, qualify for protection under this Stipulated Protective
24   Order. The Producing Party must then mark the documents or items with the appropriate
25   confidentiality designations before producing them.

26       4.    Any Producing Party may in good faith designate as "Confidential" or "Highly
27   Confidential," as those terms are defined in paragraphs 7 and 9, any information disclosed during
28   a deposition or hearing or in other pre-trial or trial proceedings by so indicating on the record at

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

2.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

1   the deposition or hearing or by notifying all counsel of record in writing within 14 calendar days

2   from the receipt of the deposition or hearing transcript.   Additionally, the entirety of each

3   deposition or hearing transcript shall be presumptively deemed to be Highly Confidential for a

4   period of 14 calendar days following receipt of the deposition or hearing transcript.

5        5.     An inadvertent failure to designate qualified information, documents, or things as

6   "Confidential" or "Highly Confidential," as those terms are defined in paragraphs 7 and 9, does

7   not, standing alone, waive the Producing Party's right to secure protection under this Stipulated

8   Protective Order for such material, if the designation is corrected within 14 calendar days after

9   the failure to designate is discovered. The Producing Party shall produce a properly designated

10  copy or sample of such qualified information, documents, or things within 14 calendar days after

11  discovering the inadvertent failure to designate.   The Receiving Party, upon receipt of the

12  properly designated copy or sample, shall make reasonable efforts to destroy all undesignated

13  versions of the same information, documents, or things and shall make reasonable efforts to

14  assure that the material is treated in accordance with the provisions of this Stipulated Protective

15  Order.  It is understood that no person or party shall incur liability with respect to any disclosure

16  by the receiving party of documents or information that was subsequently designated as

17  "Confidential" or "Highly Confidential" and that was originally inadvertently disclosed without

18  proper designation by the disclosing party, provided the disclosure by the receiving party

19  occurred after the times of automatic designation under this Order have elapsed and before the

20  receipt by the receiving party of a notice of the inadvertent disclosure without proper designation.

21  If a situation arises in which either party is producing voluminous documents in an expedited

22  fashion and that party inadvertently misclassifies a document(s) or information, that Producing

23  Party may change the designation of a document or of information from a level of higher

24  protection to a level of lower protection or no protection (for example, from Confidential to "no

25  designation") at any time by informing the Receiving party and providing re-marked copies of the

26  documents concerned.  There shall be no adverse inference from a misclassification of documents

27  or information.

28

6.     Any information, documents, or things designated by a Producing Party, as "Confidential" or "Highly Confidential," as those terms are defined in paragraphs 7 and 9, shall be used by the Receiving Party solely for the preparation and trial of this action, settlement discussions and negotiations in connection with this action, or any form of alternative dispute resolution of this action, and not for any other purpose.

7.     Any information, documents, and things that relate to non-public, sensitive or confidential information, the disclosure of which could be detrimental to the disclosing party in the conduct of its business, may be designated as "Confidential." For example, any information, documents, and things may be designated as Confidential if they relate to (i) sales or marketing information; (ii) customer lists, contacts, proposals, communications and/or information concerning relationships with third parties such as business partners, joint venturers or suppliers; (iii) financial trade secrets or (iv) any other commercially sensitive business information, documents, or things; (v) personal information concerning present, former employees or persons who were considered for or who applied for employment such as their phone numbers, addresses, social security numbers, employment agreements, compensation, non-public job responsibilities or descriptions, etc.  Information, documents, and things may be designated as "Highly Confidential" if they relate to (vi) technical trade secrets or technical proprietary information; (vii) research, development, design, implementation, plans, or technical information relating to current, past, proposed or potential future products whether or not such information ever resulted in a commercial product; (viii) production and manufacturing information including cost information; (ix) non-public pending, past or proposed patent applications and related non-public patent prosecution documentation; (x) or information that the Providing Party is under a preexisting obligation to a third party to treat as confidential.  In addition, the computer source code of a party may be designated as Highly Confidential—Computer Source Code and the provisions for handling such information are stated in paragraph 10 below.  Information, documents, and things identified as "Confidential" by a Producing Party shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, to anyone other than the following:

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

4.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

(a)   Each party's "Outside Counsel," which refers to the law firms of Cooley Godward LLP and Thelen Reid & Priest LLP;

(b)   For each party to this action, any independent experts or consultants who are not regularly employed by either party and whose advice and consultations are being or will be used by a party in connection with preparation for trial or trial of this action; provided, however, that:

   (i)   Confidential information shall not be disclosed to any independent expert until that person has executed a copy of the Undertaking, attached hereto, acknowledging that he or she has read a copy of this Stipulated Protective Order and agrees to be bound by its terms; and

   (ii)   The name and address, employer, a brief summary of the academic and work background of any such independent expert, and a fully executed copy of the Undertaking by the proposed expert, shall be furnished to and received by the Outside Counsel for the Producing Party which has designated the information, documents, or things Confidential at least seven calendar days before access to the Confidential information is given to such expert; and

   (iii)   If the Producing Party receiving notification under paragraph 7(b)(ii), within fourteen calendar days of notification, serves a written objection to such access and states the reasons therefor, and if the parties cannot resolve the issue promptly, the party who objects may move the Court for an order prohibiting such independent expert from being given access to the Confidential information.  Provided that the Producing Party has filed its motion to prohibit access within seven calendar days of service of its written objections, no disclosure shall be made to the expert as long as the Court has not ruled on the dispute.  If the Producing Party has not filed its motion to prohibit access within seven calendar days of service of its written objections, the objections shall be deemed to have been waived;

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

5.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

and

(iv)   In the event there is no objection by the Producing Party pursuant to paragraph 7(b)(iii), or if such objection has been resolved to the satisfaction of both parties or by a Court order directing access of the expert, the Confidential information may be disclosed to such expert(s) so long as each of the foregoing expert(s) has agreed in writing before such access is given, to be bound by the terms of this Stipulated Protective Order by signing a copy of the Undertaking;

(c)   Associates, stenographic, clerical, and support staff of the persons defined in paragraphs 7(a) and 7(b) whose functions require them to have access to the Confidential information;

(d)   Employees of third-party contractors involved solely in one or more aspects of (i) organization, copying, copy filing, copy coding, converting, storing, or retrieving data, (ii) designing simulation, exhibits, or trial aids, or designing programs for handling data in connection with this litigation, including providing computerized litigation support,  (iii) jury consultant services, provided that each contractor involved in one or more aspects under (ii or iii) above has agreed in writing before access to such Confidential information is given, to be bound by the terms of this Stipulated Protective Order by signing a copy of the Undertaking; and

(e)   Court officials (including court reporters and any special master or technical advisor appointed by the Court) and the Court's staff in connection with the Court's administration and adjudication of this action.

Confidential information disclosed shall be used only for the purpose of litigating this action and shall not be used by the Receiving Party for any business, financial, or other purpose whatsoever.  Nothing in this Stipulated Protective Order shall prohibit or restrict a Producing Party from disclosing or using in any way its own Confidential information. The designation of any document as Confidential shall not preclude any party to this action from showing the document to any person who (a) appears as the author or as an addressee on the face of the

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

6.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

1   document or (b) is identified in the document or in other documents of the Producing Party or in

2   deposition testimony of an employee of the Producing Party as someone who already has

3   knowledge of the information contained in the document.

4          8.    For the sole purpose of assisting Outside Counsel in connection with this action,

5   the parties may designate one "Client Representative" to whom information, documents, and

6   things designated as Confidential (but not Highly Confidential) pursuant to this Stipulated

7   Protective Order may be disclosed. Confidential information shall not be disclosed to any Client

8   Representative until: (a) that person has executed a copy of the Undertaking acknowledging that

9   he or she has read a copy of this Stipulated Protective Order and agrees to be bound by its terms

10  and (b) the fully executed copy of the Undertaking by the Client Representative is furnished to

11  the Outside Counsel for the Producing Party. The signed undertaking shall be provided to

12  counsel for the Producing Party at least ten (10) calendar days before Confidential documents are

13  provided to the Client Representative and the Producing Party may, within that time, object to the

14  disclosure of its information to the Client Representative and shall follow the same procedures

15  and time limitations specified by paragraph 7(b)(iii) of this order with respect to such Client

16  Representatives.

17         9.    Information, documents, and things identified as Highly Confidential by a

18  Producing Party shall not be disclosed, given, shown, made available, or communicated in any

19  way, directly or indirectly, to anyone other than as provided in paragraph 7, with the further

20  limitation that an individual member of Outside Counsel who has reviewed documents or

21  information designated as Highly Confidential which is within categories (vi), (vii), (viii) or (ix)

22  by a Producing Party by which Outside Counsel is not employed only if the individual member

23  does not after receiving Highly Confidential information thereafter participate in prosecuting

24  pending or future patent applications relating to On-Line Analytical Processing (OLAP) database

25  technology, Relational OLAP (ROLAP) database technology, Multidimensional OLAP

26  (MOLAP) database technology (including any type of multi-dimensional database technology) or

27  prosecuting any currently pending HyperRoll Israel Ltd., HyperRoll, Inc., or Hyperion patent

28  applications. These prosecution restrictions shall apply for eighteen (18) months after termination

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

7.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

1    of this action by dismissal or final judgment.  Nothing in this section shall limit individual

2    members of Outside Counsel whom have not reviewed documents or information designated as

3    Highly Confidential by a Producing Party by which Outside Counsel is not employed from

4    participating in the prosecution of pending or future patent applications relating to OLAP

5    database technology for aggregating relational data.  Nothing in this paragraph shall limit Outside

6    Counsel from participating in the prosecution of a reexamination of an issued patent.  Highly

7    Confidential information disclosed shall be used only for the purpose of litigating this action and

8    shall not be used by the Receiving Party for any business, financial, or other purpose whatsoever.

9    Nothing in this Stipulated Protective Order shall prohibit or restrict a Producing Party from

10   disclosing or using in any way its own Highly Confidential information.  The designation of any

11   document as Highly Confidential shall not preclude any party to this action from showing the

12   document to any person who (a) appears as the author or as an addressee on the face of the

13   document or (b) is identified in the document or in other documents of the Producing Party or in

14   deposition testimony of an employee of the Producing Party as someone who already has

15   knowledge of the information contained in the document.

16        10.   "Highly Confidential – Computer Source Code."  "Computer Source Code" is

17   defined herein as computer source code or similar highly confidential programming statements

18   and/or instructions that in general are converted into machine language by compilers, assemblers

19   or interpreters and source code-related documents that are held by a party within its source code

20   control system.  Computer Source Code may be produced on paper or in electronic form.  In

21   either event, Computer Source Code may be so designated by affixing the following legend on

22   paper copies of the code or on the media itself (such as a label on a diskette or CD-ROM):

23        **Highly Confidential – Computer Source Code**

24   Information designated as Highly Confidential – Computer Source Code shall be subject to all of

25   the restrictions applicable to information designated as Highly Confidential and in addition

26   subject to the restrictions below.  In no event shall an employee, officer or director of any party to

27   this action or of any competitor of any party to this action have access to Computer Source Code

28   without a court order or the written consent of the Producing Party .

(a)   Storage and Copying of Computer Source Code.  Because of the highly sensitive nature of Computer Source Code and because of the ease with which electronic media may be copied, transported, or stolen, Computer Source Code may not be copied or stored by any person acting on behalf of a Requesting Party permitted to have access to the same (an "authorized person"), except as expressly permitted herein.

(i)   Subject to paragraph 3.2.2 below, when a Producing Party produces Computer Source Code in electronic form (e.g., on diskette, CD-ROM, DVD, etc.), no authorized person may copy such Computer Source Code onto any form of electronic media, including without limitation, hard drives, removable electronic media (such as diskettes, CD-ROM, DVD, PC card, flash media, etc.), or network servers, except to the extent loaded into RAM or virtual RAM as required by a computer's operating system for viewing or analysis purposes.  Producing Party agrees to produce two copies of anything identified as Computer Source Code.

(ii)   To reduce the possibility of theft by, for example, a computer "hacker," an authorized person may only view, analyze or otherwise use a Producing Party's Computer Source Code on a computer that, at the time of such viewing, analysis or other use, is completely "stand alone" and not linked to any network, including a local area network ("LAN"), an intranet or the Internet.  In the event that the authorized person's computer is normally connected to such a network, the computer must be disconnected from that network at such times that the Computer Source Code is actually being viewed, analyzed or otherwise used.  Typically this only requires that the computer's network cable be unplugged or in the case of wireless networks, that the wireless access card be removed or otherwise disabled.

(iii)   The Computer Source Code must always be removed from the computer when it is not currently being viewed, analyzed or otherwise used, and at

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

9.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

1    such times of non-use, the Computer Source Code shall securely be stored

2    in a location accessible only to authorized persons, apart from the

3    computer, so that should the computer be lost or stolen, the Computer

4    Source Code shall remain safe.

5    (iv)    At the time an authorized person uses a computer to view, analyze or

6    otherwise use a Producing Party's Computer Source Code, that computer

7    must remain within the direct control of that person.

8    (b)    Excerpting Computer Source Code.  An authorized person may excerpt portions

9    of a Producing Party's Computer Source Code onto paper or electronic media

10    (such as into an electronically stored brief) for the purpose of creating

11    submissions to the Court or for presentation at hearings or at trial, but only if the

12    following provisions are satisfied.

13    (i)    The number of pages of a Producing Party's Computer Source Code

14    copied onto paper (collectively, the "Computer Source Code excerpts")

15    may not, in the aggregate, exceed eighty (80) pages at any one time,

16    unless otherwise permitted by a prior order of the Court, or unless

17    otherwise permitted by the prior written authorization of the Producing

18    Party's counsel, which shall not be unreasonably withheld.  Any and all

19    such Computer Source Code excerpts shall be marked "Highly

20    Confidential – Computer Source Code" and to the extent submitted to the

21    Court or presented at hearings or at trial, subject to the same requirements

22    as Confidential Information designated Highly Confidential.  Otherwise,

23    any and all Computer Source Code excerpts longer than two pages shall

24    be treated and handled as Computer Source Code.  Computer Source Code

25    excerpts shorter than two pages will be subject to the same requirements

26    as Confidential Information designated Highly Confidential. Should such

27    excerpts longer than two pages thereafter be transferred back to electronic

28    media, such media shall continue to be labeled "Highly Confidential --

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

10.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

1    Computer Source Code." and shall once again be treated as such.

2    (ii)    Absent prior order of the Court, or unless otherwise permitted by the prior

3    written authorization of the Producing Party's counsel, not more than two

4    (2) pages of a Producing Party's Computer Source Code may be copied

5    electronically into a brief for submission to the Court, or otherwise for

6    presentation at a hearing or at trial.  Any such submitted brief shall be

7    marked "Highly Confidential – Computer Source Code" and access

8    thereto shall continue to be limited to authorized persons.  In the event that

9    such brief or presentation is stored electronically on a computer network,

10   it shall be password protected so as to limit access to authorized persons.

11   (c)    Transporting Computer Source Code.  A Producing Party's Computer Source

12   Code and/or Computer Source Code excerpts may not be transported in any way

13   except as follows:

14   (i)    They may be transported only at the direction of an authorized person to

15   another authorized person;

16   (ii)    They may be transported only on paper or removable electronic media (e.g.,

17   a diskette or CD-ROM) via hand carry, Federal Express or other similarly

18   reliable courier.    If transported on removable electronic media, the

19   information contained in the Computer Source Code and/or Computer

20   Source Code excerpts must be encrypted using at least 128-bit encryption;

21   (iii)    The information contained on Computer Source Code and/or Computer

22   Source Code excerpts may not be transported or transmitted electronically

23   over a network of any kind, including over a local area network (LAN),

24   intranet or the Internet.  Nothing in this section prevents a receiving party

25   from storing, transporting, or transmitting pleadings, briefs, infringement

26   charts, and related correspondence over its own network.

27   (d)    Transporting a Computer Containing Computer Source Code.  No computer

28   containing a copy of a Producing Party's Computer Source Code or Computer

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

11.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

Source Code excerpts, whether loaded into its RAM or onto its hard drive or other storage media of the computer, shall be transported until such copies are purged from the computer, so that should the computer be lost or stolen, the Computer Source Code shall remain safe.  Computer media containing Computer Source Code shall be erased by a secure erase method that complies with Department of Defense standard 5220.22-M.

11.   To the extent that it is necessary to file any documents or things that have been designated Confidential or Highly Confidential with the Court in connection with this action, such documents or things shall be filed under seal.

12.   The recipient of information, documents, or things identified as Confidential or Highly Confidential shall maintain such information, documents, or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such information, documents, or things.  Confidential information and Highly Confidential information shall be held in confidence by each person to whom it is disclosed and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.  Outside Counsel must maintain copies of all executed Undertakings and make them available to Plaintiff and/or Defendant upon request.

13.   Inspection or receipt by a party of information, documents, or things identified as Confidential or Highly Confidential shall not constitute a concession by that party that the information, document, or thing is deserving of confidentiality protection.  Nor shall such designation of information, documents, or things be construed as an admission that the information is relevant or material to any issues in this action.

14.   Subsequent to the inspection or receipt of information, documents, or things identified as Confidential or Highly Confidential, the Receiving Party may request the Producing Party to redesignate such information, documents, or things.  Such request shall be by written notice to Outside Counsel for the Producing Party and shall particularly identify the information, documents, or things and explain the basis for the redesignation request.  If a dispute arises about a designation, pending the Court's determination of any motion contesting a designation of

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

12.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

1    Confidential or Highly Confidential, the information, documents, or things shall remain as

2    designated.

3            15.    Nothing in this Stipulated Protective Order shall require disclosure of information,

4    documents, or things which the Producing Party contends is protected from disclosure by the

5    attorney-client privilege or the attorney work-product immunity.  Nothing in this Stipulated

6    Protective Order shall require disclosure of information, documents, or things which the

7    Producing Party contends is protected from disclosure if such disclosure would breach a court

8    order or an express or implied agreement with a third party to maintain such information,

9    documents, or things in confidence but such items will be placed in a privilege log which will be

10   provided to the other party.  Any party may move the Court for an order directing the disclosure

11   of such information, documents, or things so that the Court can resolve any such issue.

12           16.    Production shall not constitute a waiver of the attorney-client privilege or the

13   attorney work-product immunity provided that, within 14 calendar days of discovery of such

14   production, the Producing Party identifies the information, document, or thing, and presents a

15   showing that the information, document, or thing should have been protected from disclosure by

16   the attorney-client privilege or the attorney work-product immunity and that the production was

17   inadvertent.  Within seven calendar days of the Producing Party's presentation of a showing of

18   privilege or immunity and a showing of inadvertent production, the Receiving Party shall return

19   the originals and all copies of the privileged or immune information, document, or thing.  If a

20   dispute arises with regard to the sufficiency of a showing and is not promptly resolved, the

21   Receiving Party may alternatively serve the Producing Party with a letter disputing the

22   sufficiency of a showing within seven calendar days of the Producing Party's presentation of a

23   showing of privilege or immunity and a showing of inadvertent production.  The Receiving

24   Party's failure to serve the Producing Party with a letter disputing the sufficiency of a showing

25   within seven calendar days of the presentation of the showing shall waive the right to claim that

26   the information, document, or thing is not protected by privilege or immunity.  Within seven

27   calendar days of receiving a letter disputing the sufficiency of a showing, the Producing Party

28   may file a motion to maintain the protection of the inadvertent disclosure by the attorney-client

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

13.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

1   privilege or the attorney work-product immunity. The Producing Party's failure to file a motion

2   within seven calendar days of receiving a letter disputing the sufficiency of a showing shall waive

3   the right to claim that the information, document, or thing is protected by privilege or immunity.

4   Pending the Court's determination of any motion to maintain the protection of the inadvertent

5   disclosure, the information, documents, or things shall be treated as though there was no waiver

6   of the attorney-client privilege or attorney work-product immunity. In the resolution of such

7   motion, the Producing Party shall have the obligation of showing a good faith basis for

8   contending that the production was inadvertent and that the information, documents, or things

9   should have been protected by privilege or immunity.

10       17.   In the event that a party to this action shall desire to provide access to information,

11   documents, or things identified as Confidential or Highly Confidential to any person or category

12   of persons not included in paragraphs 7, 8, and 9, Outside Counsel for such party shall provide

13   written notice to counsel for the Producing Party of its intent to make such disclosure, stating

14   therein the specific information, documents, and things to be disclosed at least seven calendar

15   days before any information is made available to such person(s). With the written notice shall be

16   included a fully executed copy of the Undertaking and an explanation of the background of the

17   person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the

18   Producing Party to determine whether such disclosure might cause it injury. If the Producing

19   Party objects in writing within 14 calendar days of such notice, no disclosure shall be made to the

20   person(s), and the party desiring to make such disclosure may move the Court for an order that

21   such person(s) be given access to the Confidential information or Highly Confidential

22   information. If the motion is granted, such person(s) may have access to the information,

23   provided that such person(s) have agreed in writing before such access is given to be bound by

24   the terms of this Stipulated Protective Order, by signing a copy of the Undertaking, a fully

25   executed copy of which will be provided to the Producing Party before the Receiving Party

26   transmits such information to such person(s).

27       18.   Upon final termination of this action, including all appeals, Outside Counsel for

28   each party shall, at its own discretion, either (i) assemble and return to the Producing Party or (ii)

1    destroy all information, documents and things produced by the Producing Party designated as
2    Confidential and Highly Confidential and all copies of such information, documents, or things.
3    Outside Counsel for the party so requested shall certify in writing that such return and/or
4    destruction complying with the requirements of this Order has been completed. Outside Counsel
5    for the parties shall not be entitled to retain documents containing Confidential information,
6    Highly Confidential or Highly Confidential Computer Source Code information, but may keep a
7    copy of its own pleadings, memoranda, claim charts, correspondence and notes that refer to such
8    so-designated documents of a Producing Party which pleadings, memoranda, correspondence and
9    notes shall be used only for the purpose of preserving a file on this action, and shall not, without
10   the written permission of the Producing Party or an order of the Court, be disclosed to anyone
11   other than such Outside Counsel.   A party to this action which has disclosed Confidential
12   information or Highly Confidential information to the person(s) identified in paragraphs 7, 8, 9,
13   and 16 is responsible for obtaining all documents or things containing such information from the
14   person(s), and for disposing of those documents or things in the manner provided for in this
15   paragraph.

16        19.    The restrictions set forth in the preceding paragraphs shall not apply to
17   information, documents, or things which (i) at or prior to disclosure thereof in this action, is or
18   was a matter of public knowledge or was independently developed by the Receiving Party, or (ii)
19   after disclosure thereof, becomes public knowledge other than by act or omission of the
20   Receiving Party or its agents, experts, and attorneys, or (iii) is disclosed by the Producing Party
21   without restriction to a third party who is not subject to this Stipulated Protective Order. No party
22   hereto shall be bound by this Stipulated Protective Order as to any information, documents, or
23   things which it possessed prior to this Stipulated Protective Order, unless such information,
24   documents or things were obtained under circumstances requiring its treatment as confidential, or
25   unless a Producing Party notifies a Receiving Party that information, documents, or things
26   provided to the Receiving Party in response to a discovery request prior to the date of the entry of
27   the Stipulated Protective Order is identified as Confidential or Highly Confidential as provided
28   for in paragraph 5.

1    20.    Nothing in this Stipulated Protective Order shall bar or otherwise restrict any

2    attorney from rendering advice to his or her client with respect to this action, provided that in

3    rendering such advice or in otherwise communicating with his or her client, the attorney shall not

4    disclose the specific content of any information, document, or thing designated as Confidential or

5    Highly Confidential by a Producing Party where such disclosure would not otherwise be

6    permitted under the terms of this Stipulated Protective Order.

7    21.    This Stipulated Protective Order shall be without prejudice to the right of any party

8    to seek modification, by leave of Court.

9    22.    All notices required by this Stipulated Protective Order are to be served via

10    facsimile with transmission completed no later than 11:59 P.M. Pacific Standard Time, and with a

11    confirmation copy sent by overnight mail, to the appropriate attorney(s) at Cooley Godward LLP

12    and Thelen Reid & Priest LLP.  Provided that facsimile transmission is completed no later than

13    11:59 P.M. Pacific Standard Time, the date by which a party to this action receiving a notice shall

14    respond, or otherwise take action, shall be computed from the date that the facsimile was sent.

15    23.    This Stipulated Protective Order shall survive the final adjudication of this

16    litigation (including any appellate proceedings) and termination of proceedings shall not relieve

17    any person or party from the obligations of this Stipulated Protective Order.  The Parties and any

18    other person subject to the terms of this Stipulated Protective Order agree that this Court shall

19    retain jurisdiction over it and them for the purpose of enforcing this order, including by entering

20    an order for injunctive relief.

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

Cooley Godward LLP
Attorneys At Law
San Francisco

721557 v1/PA

16.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   Dated: 3-8-06

3                                           THELEN REID & PRIEST LLP
                                            ROBERT E. KREBS (057526)
                                            RONALD F. LOPEZ (111756)
4                                           DANIEL J. MULLER (193396)

5

6                                           _____
                                            RONALD F. LOPEZ (111756)
7                                           Attorneys for
                                            HYPERION SOLUTIONS CORP.

8

9   Dated: 3-8-06
                                            COOLEY GODWARD LLP
                                            THOMAS J. FRIEL, JR. (80065)
10                                          WAYNE O. STACY (pro hac vice)
                                            SARAH J. GUSKE (232467)

11

12                                          _____
                                            WAYNE O. STACY (pro hac vice)
13                                          Attorneys for
                                            HYPERROLL, INC.

14

15  Dated: 3-8-06
                                            COOLEY GODWARD LLP
16                                          THOMAS J. FRIEL, JR. (80065)
                                            WAYNE O. STACY (pro hac vice)
17                                          SARAH J. GUSKE (232467)

18

19                                          _____
                                            WAYNE O. STACY (pro hac vice)
20                                          Attorneys for
                                            HYPERROLL ISRAEL LTD.

21

22

23  PURSUANT TO STIPULATION, IT IS SO ORDERED.

24  Dated:   March 14, 2006

25                                          Hon.
                                            Chief

26

27

28

IT IS SO ORDERED
Judge Vaughn R Walker
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

HYPERION SOLUTIONS CORP., a
Delaware Corporation,

            Plaintiff,

     v.

HYPERROLL, INC., a Delaware
Corporation, & HYPERROLL ISRAEL
LTD., a foreign corporation,

           Defendants.

HYPERROLL ISRAEL LTD.

            Plaintiff,

     v.

HYPERION SOLUTIONS CORP., a
Delaware Corporation,

            Defendant.

HYPERION SOLUTIONS, CORP.,

            Counterclaimant and
            Counterclaim Defendant,

     v.

HYPERROLL, INC.,

            Counterclaim Defendant
            and Counterclaimant.

Case No.  04-CV-05054-VRW

**STIPULATED PROTECTIVE ORDER**

Honorable Chief Judge Vaughn R. Walker

UNDERTAKING

State of _____

County of _____

    I, _____, declare as follows:

    1.    My business address is _____.

    2.    My present employer and the address of my present employer (if different from

above) are _____

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

18.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW

1    _____.

2        3.      My present occupation or job description is _____,

3    My job title is _____.

4        4.      The purpose of my receiving confidential information in this action is

5    _____

6    _____.

7        5.      I have received a copy of the Stipulated Protective Order in this action.

8        6.      I have carefully read and understand the provisions of the Stipulated Protective

9    Order.

10       7.      I agree to be bound by the terms of the Stipulated Protective Order.

11       8.      I will hold in confidence, will not disclose to anyone not qualified under the

12   Stipulated Protective Order, and will use only for the purposes of this action, any Confidential

13   information or Highly Confidential information that is disclosed to me, and will maintain such

14   information in a safe and secure place.

15       9.      I will return all Confidential Information and Highly Confidential Information that

16   comes into my possession, and documents or things which I have prepared relating thereto, to

17   counsel for the party by whom I am employed or retained.  However, I acknowledge that such

18   return shall not relieve me from any of the continuing obligations imposed on me by the

19   Stipulated Protective Order.

20       10.     I hereby submit myself to the jurisdiction of the United States District Court for

21   the Northern District of California for the purpose of enforcement of the Stipulated Protective

22   Order in this action.

23   //

24   //

25   //

26   //

27   //

28   //

1        I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3

4    _____

5    Signature

6

7    _____

8    Print Name

9

10   Dated:_____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

721557 v1/PA

20.

STIPULATED PROTECTIVE ORDER
04-CV-05054-VRW